```
                UNITED STATES DISTRICT COURT
                EASTERN DIVISION OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON
```

CHARMEAIRRIA HARRIS,            )
                                )
     Plaintiff,                 )
                                )          Action No.
v.                              )          5:15-cv-367-JMH
                                )
LEXINGTON-FAYETTE URBAN         )          **MEMORANDUM OPINION**
COUNTY GOVERNMENT, et al.,      )              **AND ORDER**
                                )
     Defendants.                )

                              \*\*\*

This matter is before the Court on Defendants' Motion to Dismiss [DE 8], to which Plaintiff has filed a Response [DE 9] stating her objections and in further support of which Defendants have filed a Reply [DE 11]. Plaintiff has also filed a Motion to Amend her Complaint [DE 10], to which Defendants have filed a Response [DE 12], stating their objections, and in further support of which Plaintiff has filed a Reply [DE 13]. As set forth below, Defendants' Motion to Dismiss [DE 8] shall be granted as Plaintiff's Complaint fails to state a claim, and Plaintiff's Motion to Amend shall be denied as amendment would not prevent dismissal on the same grounds.[1]

---

[1] Defendants have also filed a Motion to Take Judicial Notice of Certain Public Documents in Support of Motion to Dismiss [DE 6], to which Plaintiff makes no objection, but which addresses materials not necessary to the resolution of the Motions to Dismiss or Amend the Complaint. This Motion shall be denied as moot.

**I.**

Plaintiff brings this putative class action against Defendants Lexington-Fayette Urban County Government ("LFUCG") and Rodney Ballard, Director of Community of Corrections, in his individual capacity, on behalf of all persons who, while incarcerated or detained at the LFUCG jail have been wronged by the policy, custom, or practice of charging persons admitted to the jail for the costs of their incarceration without due process of law. Plaintiff's Complaint claims that she was injured when the LFUCG jail retained funds held for her by the jail while she was detained to cover the cost of her confinement under KRS 441.265, which does not require entry of a court order before assessing such charges. KRS 441.265 provides that a "prisoner in a county jail shall be required by the sentencing court to reimburse the county for expenses incurred by reason of the prisoner's confinement as set out in this section, except for good cause shown."[2] Specifically, she avers in Count I of her Complaint that the collection of these fees in the absence of a court order is a deprivation of property without due process of law and violates the due process guarantees of the Fourteenth Amendment and the Fourth Amendment's provision against unreasonable searches and seizures, all in violation of 42 U.S.C. § 1983.[3]

Her claim under 42 U.S.C. § 1983 fails as a matter of law in light of *Sickles v. Campbell Cty.*, 439 F. Supp. 2d 751, 755 (E.D.

Ky. 2006) *aff'd,* 501 F.3d 726 (6th Cir. 2007) ("May a municipal jail, consistent with the Due Process Clause of the Fourteenth Amendment, withhold a portion of an inmate's canteen-account in order to cover the costs of booking, room and board without providing the inmate with a hearing before it withholds the money. Yes, we hold, and accordingly we affirm the district court's rejection of this claim and two others."); *see also Jones v. Clark Cty., Kentucky*, Action No. 5:15-cv-350-JMH, 2016 WL 1050743 (Mar. 11, 2016) (addressing nearly identical issue as presented in the present case). In *Sickles*, the money that pretrial detainees had on their person was confiscated upon detention and placed in canteen accounts, in addition to any money provided by relatives or friends, and the canteen accounts were debited a fee for booking and a per diem fee for housing. *Sickles*, 439 F. Supp. 2d at 755. Looking to KRS 411.265(6) (which provides for the automatic deduction of fees from a prisoner's account) and the definition of "prisoner" in KRS 441.005(3)(c)[4] (which includes not just convicted individuals, but any person confined and charged with an offense), the Court held that "the correct reading of [KRS 441.265] is that the fees may be imposed as soon as the prisoner is booked into the jail and may be periodically deducted from the prisoner's account

---

[4] "Prisoner" is defined as "any person confined in jail pursuant to any code, ordinance, law, or statute of any unit of government and who is: (a) Charged with or convicted of an offense; or (b) Held for extradition or as a material witness; or (c) Confined for any other reason." KRS § 441.005(3).

3

as provided by local regulation." *Sickles*, 439 F. Supp. 2d at 755. The *Sickles* Court further concluded that "[s]ince the statute is valid, the inmate owes fees that begin to accrue immediately upon his or her being booked into the jail." *Id.* The reference to "sentencing court" in KRS 411.265(1), according to *Sickles*, is to allow the court to impose a judgment for any deficiency at sentencing which was not defrayed by automatic deduction. *Id.*

While Harris believes that the district court's opinion in *Sickles* is "just plainly, demonstrably wrong," [DE 9 at 93], "this [C]ourt cannot ignore binding precedent" from the Sixth Circuit Court of Appeals. *Willoughby v. Simpson*, No. 08-179-DLB, 2014 WL 4269115, at *32 (E.D. Ky. Aug. 29, 2014). As this Court has noted, "[a]bsent a clear directive from the Supreme Court or a decision of the Court of Appeals sitting en banc , . . . a district court, is not at liberty to reverse the circuit's precedent." Id. (*quoting Hall v. Eichenlaub*, 559 F.Supp.2d 777, 781–82 (E.D. Mich. 2008)). Further, to the extent that Harris believed it would change the legal calculus in this matter, the Kentucky Supreme Court has declined to grant discretionary review in *Cole v. Warren Cty., Kentucky*, No. 2014-CA-000778, No. 2014-CA-000812-MR (stating in dicta that Kentucky Court of Appeals would conclude, if asked, that KRS 441.265 does not violate constitutional guarantee of due process).

In other words, Plaintiff's claim cannot survive an application of the law to the facts, even if the Court accepts the facts averred as true. *See* Fed. R. Civ. P. 12(b)(6) (providing for a motion to dismiss which tests the sufficiency of a plaintiff's complaint; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007), (only a claim which is "plausible on its face" will survive dismissal and factual allegations in a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a court must accept as true all of the well-pleaded factual allegations contained in the complaint and that "[a] claim is plausible when it contains facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."); *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 542 (6th Cir. 2007). Accordingly, her claims in Count I will be dismissed with prejudice.

## II.

Since Plaintiff has not adequately pleaded her substantive claim in Count I as set forth above, the Court has no basis upon which to issue declaratory relief, and therefore, Plaintiff's claim seeking a declaratory judgment is dismissed. *Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997). Similarly, because Plaintiff cannot

5

establish that in the absence of an injunction, she or anyone else will suffer irreparable harm with no remedy at law, an injunction is not appropriate either.  Plaintiff's claims under federal law in Counts VII and IX also fail and must be dismissed under Fed. R. Civ. P. 12(b)(6).

### III.

Finally, the Court declines to exercise supplemental jurisdiction over her remaining state law claims in Counts II through IX.  These claims shall be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . .").

Accordingly, for all of the reasons stated above, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Amend her Complaint [DE 10] is **DENIED**;

(2) Defendants' Motion to Dismiss [DE 8] is **GRANTED IN PART** and **DENIED IN PART.**

This the 30th day of September, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge